which is number 23-10690 the United States v. Santiago Alirio Gomez and Rafael Segundo Castro Diaz. Mr. Goldman you're on first. Thank you your honor and for the record may it please the court Brian Goldman here with my co-counsel Martin Feigenbaum for defendant appellant Castro Diaz and I believe I reserved two minutes for rebuttal. Perfect. The district court here got it plainly wrong as to my client Mr. Castro Diaz. It assumed Castro Diaz's involvement in the conspiracy ended in April 2013 but held the SSI was timely nonetheless. That was plainly incorrect. The SSI was returned on July 19, 2018 as the face of that document shows and that's at our appendix at page 46. Can you stop for one second Stephanie? Go right ahead I'm sorry. No problem thank you and so at a minimum that requires vacating we submit because the SSI was untimely therefore the district court needed to do the the substantially broadened or amended analysis that this court set forth in Can I ask you a sort of foundational question? Yes. Isn't the right way to look at this to see whether or not the last superseding indictment on its own and on its face satisfies the statute of limitations without any tolling? We we think that there we we we disagree respectfully your honor and we think. What case says that? Well we we take that print no case directly holds it and we could see that but we take that principle from both Edwards and Ratcliffe itself and in Edwards there were drug charges that were within the in the original indictment within the five-year statute of limitations in the superseding indictment there the drug charges were untimely but the superseding indictment added timely tax charges so the tax charges were timely and this court Edward still did a broadening analysis and and this court concluded that the charges therein which I take to be both the timely tax charges and the untimely drug charges should not be dismissed and I'd also add in that case but that case turned on the need for tolling right I I viewed that case as I guess the point of the read of Edwards that it still went on to do a substantially broadened or amend test a relation back test even though certain of the charges in the operative superseding indictment there were timely it's certain of the charges weren't timely though right and Edward correct so I mean isn't that the distinction here is that the the question here is just these are timely charges why would you do the same analysis untimely charge I I take the point that the language I focused on in Edwards is the charges therein so the court was referring to both the Edwards and I think that makes sense that you're relying on it I guess the question I have is why would you hear where this case presents only as far as I can tell timely charges why would we hold as a matter of law that you have to do this relation back analysis when there's timely charges like why does that make sense I guess I'd point that also the the final point on this and I think it's responsive to your question Judge Brasher is in is in Ratcliffe the this court said that the superseding indictment that was the final indictment there was um alleged charges through 1993 and that that indictment was filed in August 1998 and so according to this court I know the government says that there's a typo in that respect the government only cites the government's brief in Ratcliffe and there's no reason to credit the government's annunciation of the facts in Ratcliffe versus this course but I do want to emphasize that I think at least as to my client there is a narrower and easier disposition that doesn't require this court to opine on whether a relation back analysis is required even if a supers the second superseding indictment here is timely because the district court plainly got it wrong assume it could not assume that Castro Diaz's involvement in the conspiracy terminated in April 2013 on the one hand and still hold that the SSI was timely filed because sure you can the way the way the way I think I shouldn't say sure you can the way I think it works is you look at the timeliness of a charge in an indictment from the indictments face that doesn't mean the government can prove what it has charged or alleged and then it becomes a matter of proof at trial and if the government hasn't proven that a conspiracy lasted into the limitations period then you've got a sufficiency problem but there was no sufficiency argument made below and the co-defendant admitted that he through the stipulation for the bench trial that he engaged in the conspiracy through the limitations period charged in the indictment respectfully we do think the record here is sufficient to show that there was a sufficiency argument or at least that the statute of limitation argument was pressed at the close of the government's case which I think should be read to have interposed a rule 29 sufficiency objection that's in the appendix at 194 the trial counsel for Mr. Castro Diaz asked to have his statute limitations issue renewed at the beginning of this was a bench trial not a plea at the beginning of the bench trial and then deem it renewed at the close of the government's case when the government put on its facts via an agreed set of that argument is a limitations argument based on the indictment not on the I don't I view that as a distinction without a difference in the sense that it's an argument about the statute of limitations and it not being satisfied but I'd also add your honor that even under so and the government cites the case it's it's called zitron it's cited their brief of 23 and that says even unpreserved sufficiency arguments are reviewed for plain error and so I think and so and I think the error here that I've tried you know we've tried to focus on the narrow issue as to Castro Diaz's involvement is it was plainly erroneous you cannot assume that his involvement in the conspiracy terminated in April 2013 and also that the second superseding indictment was timely filed and that it was plain error does the timeliness of a conspiracy charge hinge on the participation of an individual within the conspiracy or until the conspiracy ended it's it's our position that a individual can show that his or her involvement in the conspiracy terminated at a particular point in time if there were no final acts and furtherance of the conspiracy undertaken by that individual and either and one why would you do that for a non-overt act conspiracy well because the question asks whether it's an individual or whether someone has abandoned or left the conspiracy and so I the analysis itself I think only partakes of a defendant by defendant individualized analysis I'd point the court to the Harrison case it's cited in the government's brief at 25 and that case says there was testimony from several witnesses now according the case that even after May 26 1994 Harrison the individual this is a multi-defendant conspiracy but Harrison took actions in furtherance of the conspiracy and that's why it rejected a limitations defense in Harrison Harrison cited to a case called read 980 f2d 1568 which stood for the same proposition it assessed whether or not there was a final act in furtherance of the conspiracy undertaken by the individual and we think here the trial the agreed to trial stipulation which is what the government relied on at the bench trial to prove to prove a violation of the of the crime charged what makes it clear that there was absolutely no final act in furtherance of the conspiracy as to Castro Diaz after April 2013 so but if you have if you have a conspiracy let's say you have a drug conspiracy where the goal is to send five shipments from some place outside of the United States to five places in the United States on successive days okay day one is Miami day two is Tampa day three is Houston day four is pick your city and number five is New Orleans the defendant in question is arrested on day three and caught in the middle of the importation attempt but the importation attempts for day four and day five are still going forward and they go they do go forward but the defendant for importation day three is done he can't commit anything else in furtherance of the conspiracy because he's been apprehended when does the conspiracy end I concede I think as to that example the conspiracy might end when the final the fifth shipment takes place or whatever that is you know that shipment is ultimately seized but here that there's no allegation and again this was a trial this was a this was a trial there's no allegation in defendant Gomez's trial stipulation it said that he participated in the conspiracy through September 2013 the government could have added if it was if it were true and my client would have agreed to it a sentence that Castro Diaz participated in that conspiracy through September 2013 and in this respect his trial stipulation sets out it's in effect its own conspiracy that was to ship 1,200 kilos of cocaine and have them imported to the United and that ship was seized there's no I mean Gomez go ahead my friend this Davide will talk to Gomez in a few minutes but his his stipulation talks about a wider ranging drug conspiracy that touches on three three countries nothing nothing mentioned about that in Castro Diaz is Gomez's stipulation mentions another co-conspirator that was one of the six charged here does not mention Castro Diaz and so we think there's not enough in the record here to suggest that Castro Diaz took a final act with respect to that September 2013 conspiracy all right Mr. Goldman we've taken you beyond your time but you've saved your two minutes for rebuttal thank you very much Mr. Beat good morning may it please the court judge um I think it's important for the court to first consider the policy arguments derived from the statute of limitation it's very important that people understand that any both criminal and civil cases are to be liberally interpreted in favor of the repose as it relates to the statute of limitations what you have here is the government it gives no finite date of when the conspiracy ends clearly when they filed the first superseding indictment they were timely they included people they included an end date they included a total of 90 days subsequent to that they want to come back before the court after their statute of limitation has ended as to this crime and expanded forward five years and expanded back several months if this court allows that to happen there will never be an ending date and it will never advise the defendant why isn't this this is the government's response to that so I want your direct response to this I mean the government says look we have to prove the conspiracy at trial so if we charge a conspiracy that ended in 2015 then that's what we have to prove at trial if we charge one then if we later and go back and amend the indictment to charge a conspiracy that ended in 2019 then that's what we have to prove at trial so the limit on our ability to just change the indictment which I get your point that you know that they just keep expending it their limit is what they have proof of how why isn't that the inadequate response to that concern that you have well then that would basically throw the statute of limitations out the window would have no purpose because if the statute of limit so respond to this point I mean the they have to prove what they allege in the indictment so if they if they extend to try to get around the statute limitations they extend the conspiracy by five years if there's proof that there's a conspiracy that lasted five years then they can prove it and and why should we care if there's not proof of a conspiracy that lasted five years then the defendant is found not guilty because they overcharge the defendant why isn't that I mean why isn't that responsive why isn't that going to fix the problem that you're suggesting is exists because if they have evidence of another crime that occurred they can't bootstrap it to the conspiracy that's already there which I think is what the court said in Edwards you want to add charges having to do with tax fraud that's fine separate charges same time frame but in this case what they're doing which is what we need to be concerned with is they're broadening the indictment they're adding additional facts they're adding additional overt acts they're adding so many new factors including a new defendant that there's no finite date well there is there is a finite date I mean you may have other objections to it but the second superseding indictment said that the conspiracy ended on September 30th of 2013 that's a finite date right judge but our position is is that once they are already out of their statute of limitations as to the original indictment that was filed and pending which ended in April I'm sorry yeah that ended in March of 2013 and ended in May May May 2013 right why would what would allow them I mean if we look at the cases before the court there's never been a case where on the same conspiracy the same type of action it isn't new charges that are coming in what they're doing is this same conspiracy we're going to add new people we're going to add different acts as to my client specifically I think I need to clear this up after what the other attorney said before me my client pleads to the general conspiracy so what he basically says is yes the conspiracy started in 2008 and ended in 2013 but there's no ended in September of 2013 September 2013 according to um the trial strip stipulation and that sufficiency issue is gone for him well there's no overt acts nothing specific there this is a non-overt act conspiracy right yes sir but they have to show that they have proof exactly which I think answers the other question that I was posed if they can show and if they had included any actions in their statement of facts of acts that my client performed after the after the time of the first superseding indictment and before the end of the second superseding indictment then they then we couldn't stand here and say to you well judge you know they have evidence that you know Gomez did a b and c in this period of time but there's nothing that indicates that there's a concern I have about that and I mean you I think you know this area of the law better than I do but there's a concept of withdrawing from a conspiracy right so the idea is that you were a part of a conspiracy when it began and then at some point you withdrew from the conspiracy it seems like what you're arguing is that the government has to prove a non-withdrawal from the conspiracy so you know in a drug conspiracy for example if the drug deal happens in on this date then not only does the government have to prove that there was a conspiracy to do the drug deal but that the members of that drug deal didn't withdraw from the conspiracy later on how does how does your argument relate to this withdrawal concept well I don't think they have to prove that he withdrew but I think that he didn't withdraw that's what you're saying you're saying he did this on this date he agrees that but you can't hold him responsible for anything that the conspiracy did going beyond that date and I guess my question is isn't that more about whether he withdrew from the conspiracy and isn't isn't that not the government's burden to prove that he didn't withdraw from the conspiracy why would we assume that he was no longer part of the conspiracy just because he didn't do anything else after the one thing he did right well I would say judge that it's a completely opposite than from withdrawing I think the government has an obligation to show that he participated in that conspiracy that's the obligation I guess my question but then what is this concept of withdrawal even doing out there in the law if it's the government's burden to show that you continued to participate you know you did this in the conspiracy you agree you're a member of the conspiracy the conspiracy lasted until this date but then you're saying the government also has a burden to prove beyond a reasonable doubt that you continued to like participate in the conspiracy it seems like you're you're putting it the burden on the government to prove non-withdrawal well in this specific case judge that they want to violate the stature of limitations and they add additional time in order for them to be able to add that additional time I think they have to show I mean the only evidence this court has before them is the statement of facts that the stipulated statement of facts that we did for the jury trial with the purpose to come before this court and be able to argue this we think that the court got it wrong it had to consider the broadening of the indictment before it could determine whether the statute of limitations had been violated we think we think they did it backwards for for a drug conspiracy yes sir does the limitations period begin to run when the conspiracy ends or when a given defendant is no longer involved well judge I think as to this normally I would say to you it would probably be to the very end until the conspiracy uh ended correct until the final act was done but in this because they're using that as a bootstrap to extend it after the statute of limitations no but if you but if you if you take a conspiracy that lasts a year yes there are three discrete drug shipments within the year defendant number two was shipment number two and let's say the conspiracy runs January December the defendant was shipment number two in June mm-hmm successfully delivers his shipment of drugs gets paid and he's like thank you very much see you later I'm gonna go spend my money and then everybody gets caught in December when does the limitations period end for him for defendant number two I would say if they were filing the original no no no forget when they file when does the limitations period begin to run for that conspiracy for that for that specific person I would say if we look back at this court's precedent in its prior case I would say you'd have to look at what that specific if we look at usb radcliffe we'd have no no don't forget cases okay yes sir when does the limitations period begin to run for defendant number two begin to he knows that there's a third shipment coming but he's not involved he's just going to take shipment number two so he does it he delivers it he gets paid and then he says thank you very much I'm going to take my money and good luck to you guys on the third shipment and he has absolutely nothing to do with anything having to no but he knows it's his third shipment he knows but he's just he just agreed to do shipment number two and then in shipping number three they get caught and they rat on the people who did shipments number one and two when does the limitations period begin to run for defendant number two I think defendant number two has a viable argument that he withdrew from the conspiracy and he was no longer involved at the end of his participation and I think you use the example of that's not affirmative withdrawal to take the proceeds of a drug conspiracy and say thank you very much I've done my job you paid me for it well judge I think on a conspiracy like that that your honor is describing there's separate shipments separate boats separate crew members separate locations I think that that type of conspiracy can be divided up as it relates to the specific um overt acts even though it's a not it's a non-overt conspiracy but you're talking about separate conspiracies no no I'm talking about one conspiracy they all get together in the Bahamas yes sir they're like we've got 100 kilograms of cocaine we can't take it in once so we want to hire you three boat captains to take them in on three different shipments you're going to take one in in February you're going to take one in in June you're going to take one in in December and that's how we're going to get it done and you're going to get paid x you're going to get paid y and you're going to get paid z here are the instructions you agree yes I agree I think that one's a little different because in that conspiracy everybody knew the captain knew what the other captains were doing yes it was the same drugs that were being moved it's not separate actions I would say it would be different the indictment's not going to allege all of that no the indictment the indictment's just going to say they conspired and confederated and agreed to import 100 or more kilograms of cocaine into the United States from a place outside of the United States that's it and how are you going to know from that whether the indictment violates the statute of limitations because then I think you need to look at see when it was charged and see if there's a super it was charged five years from December when everybody got caught okay so everybody got caught on December 1st of 2018 okay and they charged November 30th of 2023 right and it would be timely for that now once that was filed and that was timely our position is they can't come back and supersede which is clearly relates back to the original indictment it's not a new indictment I think they'd be they'd be allowed to come in with a new indictment if they found that there was another boat the manatee too that did another shipment then they could come in and charge a new indictment but I think if it's part and parcel of the same case the same conspiracy I believe that that's it violates the statute of limitations and I think that's where the court got it wrong in this case okay Mr. V thank you very much you've saved your time for rebuttal thank you very much Mr. Brenner morning your honors may it please the court Michael Brenner on behalf of the United States I'd like to start with um appellant Gomez Rivera because I think the case is uh their arguments break down a little bit differently for each appellant for appellant Gomez Rivera he has one avenue for relief and that's his legal argument that all superseding indictments must relate back to their predecessors regardless of whether they're independently timely that has finds no support no support in the cases that they cite I think we we pointed out that the rule is actually the opposite um this court says over and over again that the rule is that when a superseding indictment brought after the statute of limitations period expires then it can be saved it can be told if it relates back you wouldn't have to say brought after if the rule was that all superseding indictments must relate back so with that argument unless the panel has more questions about it I think that's the only avenue for relief because Gomez Rivera's um trial stipulation clearly sufficient if the panel has any questions about that I'm happy to what does the stipulation actually say for Mr. Gomez Rivera yes it says that he participated in the conspiracy from 2008 through uh September of 2013 and then when Judge Moore asked him whether that was true he said yes that was true so his trial stipulation participate through that period of time he says that well how he participated was that he was a stipulation say about how he participated that he coordinated um the arrangement of shipments I think is what it says through through when through September of 2013 so he was coordinating through that time not that the conspiracy ended but that he was actively participating yes he says that he participated through the whole time yes in in his trial stipulation and then Judge um Moore asks him that at the bench trial and he confirms that that is the case that he participated through through the entire time charge September of 2013 yes counsel I have a question about the operative indictment for Mr. Castro Diaz uh you say in your brief that the district court adjudicated Mr. Castro Diaz as to the first superseding indictment and Mr. Gomez as to the second Mr. Castro Diaz's judgment contains references to both the first superseding and the second seating second superseding indictment aside from the reference to 1s in one part of Mr. Castro's judgment and and the accompanying docket text are there other facts on which you rely to support your argument that Mr. Castro Diaz was convicted under the first superseding indictment in other words anywhere in the record where the district court uh or the government makes it plain that in the course of the trial the single trial here the government was proceeding under two separate indictments sure so I I want to be clear the government and uh Mr. Castro Diaz thought we were proceeding on the second superseding indictment that that there's no dispute about what we thought we were doing but it wasn't an issue that came up it wasn't uh the gut the parties did not specify for the court which indictment they were proceeding on for um Mr. Castro Diaz the documents don't don't say although I will point out that at the top of the documents in the case uh caption they do say ss which would indicate the second superseding indictment I mean isn't isn't this isn't this an error on the part of the district court I mean I you know this is just a mistake and that I mean it just seems like the right thing to do with this kind of mistake is just to send it back down to the district court and say look it looks like you meant to say second and you know you meant to say superseding indictment here but you didn't what what do you I mean what shouldn't we just do that sure there's certainly an error somewhere right uh we acknowledge that the record is is far from perfect here what we've tried to do is resolve the ambiguity because the district court refers to both the first superseding indictment and the second superseding indictment and so what we've said is normally the oral pronouncement controls over the judgment right so we go to the oral pronouncement and in sentencing Judge Moore just says count one so that doesn't help us out he doesn't say count one s count one ss he just says count one and it's not specified anywhere else so then we go to the judgment and that doesn't help us out because it is internally contradictory as Judge Garrity pointed out it it refers to both the first superseding indictment and the second superseding indictment so then what we did was we went to what else do we have well we have the docket text that summarizes what happened um signed by Judge Moore on the docket such as a paperless order although I will point out it does say refer to the judgment for me more details but so we go to that and we look and see well what did the court say there and what did it say in its entry of what happened at the bench trial and when it's looking at both of these defendants at the same time it continually and consistently distinguishes between the two of them saying that it adjudicates Castro Diaz as to count one s uh Gomez Rivera as the count one ss at sentencing sentenced uh Castro Diaz as to count one s sentenced Gomez Rivera as the count one ss which indictments did it dismiss it says as Castro Diaz dismissed count one as to Gomez Rivera count one and count one s and so what the government's position is simply that when we look to the record as a whole we think the ambiguity is resolved in showing that the district court actually at the bench trial tried Mr. Castro Diaz on the first superseding indictment how could that be because the first superseding indictment was superseded well I mean I don't I don't get it superseded but as as we point out in in the brief the uh just because you supersede an indictment it doesn't erase the indictments that came before it sure it does for legal purposes is like a complaint I do I disagree your honor uh it does not for legal purposes what does the word supersede mean supersede means that there is extra stuff that's what it meant supersede it is a it is it is another indictment that adds more to the indictment to uh from the indictment that came before it is another indictment in the line of indictments so when a defendant gets a superseding indictment he's got to worry about the initial and the superseding and not just a second superseding he's got to defend against all of them no he has to defend against the one that the government proceeds on or the one that he's tried on government gets to choose they supersede with indictment number three and then they decide they're going to try them on indictment number one yes the government can do that what authority is there for that proposition uh the authority is this so there is authority that we cited from out-of-circuit cases but I will point out that one of those cases I'm not talking about a stipulation where the parties agree okay we'll forget indictments number two and three we're just plead to indictment number one I'm talking about a contested case yes where there is a second or third or fourth superseding indictment and then at the calendar call a week before trial the government says we're ready to proceed on the initial indictment judge this meeting is being recorded yes uh so in the bowen case that we cited is a 10th circuit case that case I'd like to point out um quotes from strickland which is a binding fifth circuit case 1979 uh which says that two indictments may be outstanding at the same time for the same offense and that the government can elect which it's going to proceed under so I guess I think that's right I mean to be clear even though I questioned it I mean I think you're right about that the government may elect I mean for example I mean oftentimes the government charges you know three things in the original indictment and then supersedes by adding three or four charges to those three things you know at some point the government has to say what they're proceeding on I guess the issue here is um why would we read this as the government electing to try one of these people on the first superseding indictment the second one on the second superseding indictment um and then you know dismissing the chart you know I mean it just seems so strange to sort of read this record like that instead of what I think actually happened which is there was just kind of a mistake here that very male very well may be what happened I submit to you we I'm just trying I mean yeah I mean figure out from the record with you what exactly happened but I will tell you the government did not elect one way or the other right the parties thought that they were proceeding on the second superseding indictment it wasn't an issue right right I think we I mean I think you say the government didn't elect one way or the other I mean the government did elect the second superseding indictment in the sense that that's what the government thought it was proceeding on right well uh it did certainly didn't come up on the record and was not specified on the record but if this court wants to this court does have to resolve which indictment the Mr. Castro Diaz was tried on and adjudicated of and so I think there's a few ways for this court to go it can either say look we look at the record we see that there are some ambiguities but we think like Judge Rasher said this was just a mistake it was actually the second superseding indictment that's what the parties thought they were proceeding under and that ultimately is what the judgment says in that pre-printed check box it resolves that way they must have elected that and so okay then if the court decides that then we would reach the arguments about whether what was preserved and whether the trial stipulation was sufficient for Castro Diaz or this court may say no we think actually even though the it didn't come up the parties didn't uh tell the court which they were proceeding under and the district court is the one who elected and said it's going to be the first and that's if it's the first superseding indictment then we have another set of arguments I agree with you that those are our choices let me ask you one more question on this it seems to me I mean this is a very unusual trial you know I mean what is sort of like a a stipulated guilty plea or something for the purpose of raising the statute of limitations argument on appeal right I mean am I correct yes you're absolutely correct I think that's important to keep in mind this was a stipulated bench trial the reason you do a stipulated bench trial is because you want to preserve a pre-trial issue that you would waive through a plea unless you do a conditional plea but there are many reasons just put the button on that I mean the reason that Diaz wanted the issue he wanted to preserve was the statute of limitations issue pertaining to the second superseding indictment right what he says was I wanted to preserve my pre-trial motion my motion to dismiss the second superseding indictment judge more clarifies him it clarifies that with him on page seven of the bench trial transcript clarifies that with both defendants actually that the reason we're here at a stipulated bench trial the reason we have these trial stipulations that are bare bones and don't include all of the facts that the government may have proved if it went to trial is because the only thing we want to do is make sure we don't waive our ability to appeal the denial of our motion to dismiss that's why this was a stipulated bench trial that's why it proceeded the way it did I think that's important to keep in mind especially when we look at if we're assuming that Mr. Castro Diaz was adjudicated of the second superseding indictment when we look to his trial stipulation when we look to what was raised I submit to you he only raised he only renewed his facial challenge to the second superseding indictment how do we know that though granted counsel for Mr. Castro Diaz does not use the term rule 29 at the the bench trial but he makes it pretty clear not only in his motion to dismiss but also at trial at the outset and then he asks the court for permission to deem the statute of limitations issue renewed at the of the at the conclusion of the government's case why isn't that sufficient to constitute a rule 29 it's insufficient because he didn't make an argument that would go to sufficiency he can renew his facial challenge seven eight times it doesn't transform it into a sufficiency challenge we also know it wasn't a sufficiency challenge because he waived his right to have the district court make any special findings that would have been necessary if he were raising an affirmative defense that either he was a part of a different conspiracy or that he withdrew from this conspiracy instead what he did was he waived his right to have those special findings and in his trial stipulation where he says all I want to do is preserve my ability to challenge the denial of my motion to dismiss he agrees in there that the facts contained herein are sufficient to prove the charge he also says I uh that he also says that the the he was part of the quote charged conspiracy if he thinks he's proceeding on the second superseding indictment which we all agree is he thought then he is right there admitting that the the he was part of the charged conspiracy which went through September of 2013 he does not what does Mr Castro Diaz's stipulation say anything about the end date of the conspiracy it does not it says that he was part of the quote charged conspiracy that doesn't suffice for sufficiency purposes assuming a sufficiency issue were raised so what are we to make of that it's the government's burden to prove that the charge was within the limitations period but saying that he participated in March of 2013 doesn't get you there in so what it says is that he he had a role in April of 2013 right but that he participated that he was part of the quote charged conspiracy the charged conspiracy we submit is the one that is charged through September of 2013 but without without any factual elaboration in the stipulation this was a stipulated bench trial that doesn't matter you're providing the stipulated facts well the parties are providing you're providing them and they're agreeing to them we're telling you I disagree with this not agree with that but you're the one you're the drafter in the first place right because you're the moving party well what we can tell from the the bench trial uh transcript is that the parties were conferring on this and writing this together they actually the district court gave them more time to actually step back you have any doubt Mr. Brenner that the government presents the initial draft of a stipulation of facts in a bench trial like this one yes and I'm not disputing that all I all I'm trying to point out is that there was conferral on what facts were were in here and how they were writing it and why wasn't there any mention of the end date of the conspiracy with regards to Mr. Castro Diaz because Mr. Castro Diaz was not pressing a sufficiency um challenge or in an affirmative defense of the statute of limitations that the that the conspiracy continued into the limitations period I want to the government but the government's burden is not just to allege in the indictment a conspiracy that is timely but then to prove that that conspiracy is timely at trial and I'm trying to push you on whether or not the government proved that the conspiracy extended into the period yeah for purpose of Mr. Castro Diaz I I thank you for pushing me on it and I want I want to answer it we submit that not on that that if we had to prove that because we don't have to prove that it is our position that the statute of the the uh conspiracy continuing into the statute of limitations period is not an element of the offense the supreme court told us that in um however you say it's not an element of the offense the government does not have to prove that the statute of limitations requires it that's for sure but the the the but it but it it uh the statute of limitations creates an affirmative defense that the that the defendant must press so the defendant would have had to say hey you needed to also prove x y or z because it's not just it's not an element of the the offense I'm asserting the affirmative defense that the conspiracy either didn't continue to that date or I withdrew before the statute of limitations period he did not press that and we all know had he actually raised that to the district court had he instead of just saying I'm renewing my facial challenge had he said to the district court wait a minute these facts are insufficient and here's why which is what you do in a rule 29 argument then the government could have added more facts to it what mostracio says is that when the the defendant in in pressing the affirmative defense the government then has the okay and so that's our position is because he didn't insert this into the case the government didn't actually have that burden but if we did have that burden our position is that it was sufficient in this stipulated bench trial to say that the conspiracy that he was part of the charge conspiracy uh and he also um admitted in the trial stipulation what he said was that the facts and I know that my my time is up but if the panel has any further questions we've taken you beyond your time so you're you're perfectly fine do you have any other questions no all right thank you very much Mr. Brenner thank you your honor can I ask you to just before you start talking I just really want you to address the issue about what we should do with the the sort of inconsistent judgments against you know your client um I just we got to do something with that right and I'm not sure you didn't take a position on that in the your first time sure um uh I think if if the court were to find that there were ambiguity I think it would be most appropriate procedurally to vacate remand for the district court for a finding as to a clarification as to what uh indictment Castro Diaz was charged under because that finding is a predicate right to any assessment of timeliness because you have to know what and you you know even under the government's reading of Radcliffe you only get to the broadening or amending test from Radcliffe if it's untimely so if if it's unclear as to the predicate question of what indictment he was charged under I think the most appropriate thing would be for this court to vacate a remand back to the district court for that evaluation and then for further decision on timeliness one more question on this I mean so your um your client the whole reason for this stipulation procedure was for my reading of the record was to preserve the statute of limitations argument with respect to the second superseding indictment it seems very odd for us to even think there was a possibility that he was charged and tried under the first superseding indictment because there would have been no reason for him to pursue this stipulation procedure right he he could have he could have fought that or he could have pled guilty or who knows what he would have done but the whole idea of the stipulation was all about the second superseding indictment am I right about I think I agree with that point Judge Brasher and a few of I think actually the record is crystal clear that he was charged that he was charged and convicted under the second superseding indictment I'd refer to court to the pre-sentence report it's at docket 150 I paid and that's treated as a pre-trial stipulation this court has said so in usv weiss 881 f2d 970 in the pre-sentence report it says that Castro Diaz was charged and convicted under the second superseding indictment at sentencing uh Mr Feigenbaum said that the the second superseding indictment is the operative indictment the government did not stand up and I think the government has effectively conceded everyone proceeded as if the SSI was the operative indictment we think the record is crystal clear on this point go ahead with you you spent the time answering Judge Brasher's questions where can you give him two more minutes please Stephanie thank you very much I just wanted to make a point on on preservation I direct the court to the Ratcliffe opinion and at page 1249 there it discusses the procedural history of Ratcliffe and in Ratcliffe the statute of limitations issue was only raised via a motion to dismiss but it was preserved all the way through by re-raising the issue pre-trial re-raising the issue in connection with jury instructions there was no rule 29 motion in Ratcliffe as I read this court's discussion of the procedural I don't I think you're right about that it's not a question of whether or not the issue is preserved the question is which issue is preserved and I think in this case both individuals have preserved a statute of limitations challenge to the second superseding indictment I mean I personally don't have any questions about preservation the question is whether for me is whether or not you need to in that broadening of charges analysis of cases like Ratcliffe if the last indictment is on its face timely sure I'd point the court to two references in the record that I think raised in effect what it would end up becoming a sufficiency issue at the rule 29 stage that were raised pre-trial and therefore incorporated when when as Judge Garrity pointed out the motion was deemed renewed at the close of the governance case at appendix 76 this is this is actually the ruling issuing the ruling that's on appeal here in Diaz's motion to dismiss he argues the SSI was not timely he asserts his involvement in the conspiracy ended April 18 2013 and then in and indeed that came from Diaz's motion to dismiss by April 18 2013 the Coast Guard seizure the manatee ended the conspiracy that's in effect the argument that we discussed a bit here today and I think therefore the sufficiency issue was put on the table I don't understand anything of the law to require that a rule 29 motion be made with the precision of an Oxford Don or anything like that it was it was has to be deemed renewed at the close of the government's case the the court deemed it renewed denied it again the issue had been put on the table and and we submitted was preserved in that sense that issue all right thank you very much Mr. Goldman may please the court um I do not believe that the Gomez issue is not a valid issue I believe Mr. Gomez has as much right as Mr. Castor to be discharged for the violation of a statute of limitations I think if we take the operative trial stipulation in this case which as this court has clearly stated was and is controlled by the government it's written by the government absolutely we get to put our two cents in but it is controlled and written by the government there is nothing in this document that describes a specific act committed by my client after the April 20 2013 what does the stipulation say about your client yes judge and I believe that the government mischaracterized what it is what it does say as a general sense your honor it says beginning on or around January of 2008 continuing until or around September 2013 in the countries of Colombia Honduras and elsewhere the defendant helped co-conspirators to facilitate the acquisition protection transportation of kilograms of cocaine being imported to the United States that is a general conspiracy they're talking about what co-conspirators did they as a matter of fact as the co-conspirators including him well they say as a general sense that he participated says he helped them it did it does but they cannot specifically if you keep reading the factual proper they do not in any way dictate any specific while they talk about things and over two paragraph things that Mr. Gomez Diaz did they say he was a representative of the organization they say that he went to San Andres to talk about the shipment they talked that he specifically they say that he delivered funds to purchase the manatee which transported the drugs on in April of 2013 so it's safe to say that if he's delivering money to purchase a boat that subsequently left in April of 2013 and was subsequently apprehended that money was delivered before April 13th the government could not include in this factual or trial stipulation any facts of any specific acts that Mr. Gomez Rivera participated in after that time so I we believe very clearly that he's in the same position of Mr. Castro Diaz I think that unless he could come up with and they would have if they had specific facts to say hey Mr. Gomez you know delivered money or went to a meeting or you know went to pick out a new boat that would have specifically been indicated in his trial stipulation so the argument depends on whether or not the statute of limitations as to him begins to run when he stops doing something well judge I think that's what the court said in Edward I mean that's what the court said in Ratcliffe that's why they considered the facts and I think that even the court which we believe was erroneous the the magistrate court said I don't have enough facts to make a decision I don't know whose participation ended on what date that's why maybe what should have been done was an evidentiary hearing should have been done as a result of our motion to dismiss so that the magistrate court and then the district court could determine what each defendant's involvement was but you could have gone to trial we could have gone to trial just but I think putting the defendant in that negative light when he's ready to accept responsibility to then go to trial and say hey give up your honor is well aware going to trial puts the defendant in a very negative light not only does he lose acceptance of responsibility but he's often given punishment for going to trial have also had a conditional guilty plea which the U.S. attorney's office does not do that's not true they exist they're a minority it doesn't happen all the time but we get them we see them judge um that issue was discussed it was discussed with the government and that was not something that they were willing to do on our behalf okay okay Mr. B thank you very much thank you all very much we appreciate the help